### NATIONAL EDUCATION ASSOCIATION, Plaintiff,

v.

### DADE COUNTY CLASSROOM TEACHERS ASSOCIATION, INC., Defendant.

#### No. 74–63–Civ–JLK.

United States District Court, S. D., Florida.

June 28, 1974.

Stephen J. Pollak, Washington, D. C., Richard L. Horn, Miami, Fla., for plaintiff.

Tobias Simon, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JAMES LAWRENCE KING, District Judge.

This cause was severed from the main action, Fed.R.Civ.P. 42(b), and was tried before the court without a jury. The Dade County Classroom Teachers Association herein seeks to enjoin its disaffiliation from the National Education Association on both constitutional and statutory grounds. The court, having considered the record and being fully advised in the premises, enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Though chartered by Congress, the National Education Association (NEA) is a private organization of teachers and other persons involved in educational activities. As stated in its charter, the NEA's purpose is "[t]o elevate the character and advance the interests of the profession of teaching and to promote the cause of education in the United States." 34 Stat. 805 (1906). The principal activity of the association is organizing teachers into a coherent and effective bargaining unit.

2. The NEA has a total membership of 1,439,663 persons: 1,434,510 persons are employed in the public sector; and 5,153 members are employed by private employers.

3. At the 1972 meeting of the NEA Representative Assembly, composed of delegates from the organization's various state and local affiliates, a resolution entitled Business Item 20 was approved. The resolution prohibited NEA and its affiliates from entering into mergers which would require affiliation with the AFL–CIO. However, NEA affiliates, which had already entered into such a merger, were exempt from the prohibition.

4. The question of local affiliation with the AFL–CIO was raised again at the meeting of the Representative Assembly in the summer of 1973, and was

the subject of considerable debate. Ultimately, the delegates rejected a proposal which would have given local NEA affiliates the option to merge with local affiliates of the AFL–CIO. Instead, Business Item 52 was adopted. The resolution, which superseded Business Item 20, provides:

"The NEA and its affiliates will not enter into a merger requiring affiliation with the AFL–CIO, or any other labor organization."

5. The passage of both Business Item 20 and Business Item 52 reflected a concern that the merged NEA affiliates were paying money into the AFL–CIO which, in turn, was used to compete against non-merged NEA affiliates. There was a similar concern that the merged NEA affiliates were indirectly supporting the AFL–CIO's efforts to secure legislation that the NEA opposed.

6. Despite the passage of Business Item 52, a number of NEA local affiliates throughout the country have continued to discuss the possibility of merger with local AFL–CIO affiliates. There is underway within the NEA a considerable movement which will seek the repeal of Business Item 52 at the 1974 meeting of the Representative Assembly at Chicago.

7. Until April 22, 1974, the Dade County Classroom Teachers Association (DCCTA) had been a local affiliate of the National Education Association. The executive director of the local, Mr. Pat L. Tornillo, attended the 1973 Representative Assembly meeting and was one of the leading advocates of the local option proposal.

8. On December 10, 1973, the members of the DCCTA voted to accept a merger agreement with the Dade County Federation of Teachers (DFT), a local affiliate of the AFL–CIO. The agreement provided for the dissolution of the DCCTA and the DFT, and the establishment of an organization to be known as the United Teachers of Dade (UTD). The merger agreement also provided that the UTD "shall be a per capita paying local affiliate of the . . . County, State, and National AFL–CIO." After the DFT accepted the merger agreement, the membership of both organizations approved a constitution for UTD providing that the new merged organization shall be affiliated with the Florida AFL–CIO and the Dade County Federation of Labor, AFL–CIO.

9. In January of 1974, the NEA instituted proceedings against the DCCTA in order to determine whether the local had violated Business Item 52. After a full hearing on the matter, the NEA Executive Committee, on April 22, 1974, decided that the DCCTA "has entered a merger requiring affiliation with the AFL–CIO," and that the DCCTA's "continued affiliation would be prejudicial to the best interests of the NEA." The DCCTA's affiliation was terminated.

10. Business Item 52 is a reasonable rule relating to the responsibility of every member to the organization as an institution.

## CONCLUSIONS OF LAW

11. Since the NEA is a private organization, the NEA's adoption and enforcement of Business Item 52 did not violate the First Amendment guarantees of freedom of speech and assembly.

12. The NEA's adoption and enforcement of Business Item 52 did not violate the freedom of speech and assembly provisions of the Labor Bill of Rights because Business Item 52 is a reasonable rule relating to the responsibility of every member to the organization as an institution. 29 U.S.C. § 411(a)(2) (1970).